# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM S. MARRIN AND MARY A. S. MARRIN, APPEL-
LANTS, v. OWEN A. MARRIN, DEFENDANT.

HENRY HOFFMAN, RESPONDENT.

*Confession of judgment — requisites of the statement upon which it is entered — Code
of Civil Procedure, sec. 1274.*

APPEAL from an order made at a Special Term, setting aside a
judgment entered by confession, upon the application of a judg-
ment creditor of a party against whom it was entered.

The court at General Term said: "A statement upon which a
judgment by confession is based 'must state concisely the facts out
of which the debt arose, and must show that the sum confessed
therefor is justly due or to become due.'

"I think the statement in the present case fails to meet this require-
ment of section 1274 (Code of Civ. Pro.).

"The facts stated are in these words: 'The late William Marrin,
of Saratoga Springs, New York, died May 1, 1874, leaving as heirs
and legatees under his will said plantiffs and others; that I am, and
since said date have at all times been, an executor of said will,
and for the greater portion of the time have also been trustee of
other property for said plaintiffs; that on an accounting before the
surrogate of Saratoga county by me as said executor, and on exam-
ination of my accounts as said trustee, it appears that there is now
due and owing to said plaintiffs the sum of two thousand five hun-
dred dollars, and that the same is already justly due to said plaintiffs
from me.'

"The statement rests upon the apparent result of an examination
of the accounts of the judgment-debtor. No information is con-

veyed thereby. It is not stated that the executors ever received any money belonging to plaintiffs as legatees or heirs, or that he ever received money as trustee, or that there is an actual balance due the plaintiffs thereon for the amount of receipts over disbursements. An examination of the accounts disclose that 'it appears' there is due a sum which, with the account of the executor, makes up $2,500. Such a statement in effect was held bad in *Dunham* v. *Waterman* (17 N. Y., 9); also in *Miller* v. *Earle* (24 id., 110). The plaintiffs do not make out a consideration by the supporting affidavits so that there should be an amendment of the statement ordered. The defendant on the confession makes no supporting affidavit.

"It appears by the affidavit of William S. Marrin that the approximate indebtedness appearing upon the accounting before the Saratoga surrogate was a little over $2,500; that the defendant was 'heavily indebted' as trustee of property not embraced in the will; that the plaintiffs compromised with defendant for the amount of the judgment. Other proof is given of the compromise, but no other of the debt. As against this proof the affidavit of Mr. Hitchings shows that from the account in the Saratoga surrogate's office there is little or nothing due to the plaintiffs from the estate; that the accounting was not completed and had been abandoned for over two years.

"The case does not fall, therefore, within *Mitchell* v. *Van Buren* (27 N. Y., 300) or *Ingram* v. *Robbins* (33 id., 409). Neither the good faith of the confession or the validity of the claim is apparent.

"The order should therefore be affirmed, with costs and disbursements."

*Joseph J. Marrin*, for the appellants.

*Benjamin G. Hitchings*, for the respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; CULLEN, J., not sitting.

Order setting aside judgment by confession affirmed, with costs and disbursements.